UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

JOSE ROSARIO TAVAREZ,

            Defendant.

---

22-cr-430 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On May 9, 2024, Defendant submitted an application for leave to file a motion for compassionate release under seal. In particular, he asserts that his motion will contain medical reports and sensitive material. Defendant's application is granted in part and denied in part.

"The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). "The presumption of access is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). In light of these important considerations, the Second Circuit has articulated a three-part test for evaluating whether documents submitted to a federal court may be sealed. *Lugosch*, 435 F.3d at 119–20. First, the court must determine whether the documents at issue are "judicial documents." *Id.* at 119. Second, the court must assess the weight of the common law presumption of access that attaches to those documents. *Id.* Third, the court must balance competing considerations against the presumption of access, such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120 (internal quotation marks omitted). A court must "make specific, rigorous findings before sealing [a] document or otherwise denying public access." *Bernstein v.*

*Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (quoting *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 167 n.15 (2d Cir. 2013)).

Defendant's motion for compassionate release is "relevant to the performance of the judicial function and useful in the judicial process," and is thus a judicial document to which the presumption of access attaches. *See United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995); *Lugosch*, 435 F.3d at 119. In balancing competing considerations against the presumption of access, courts have "recognized [a] privacy interest in medical records." *United States v. Sattar*, 471 F. Supp. 2d 380, 387 (S.D.N.Y. 2006); *see also Dabiri v. Fed'n of States Med. Boards of the United States, Inc.*, 2023 WL 3741978, at *3 (E.D.N.Y. May 31, 2023). "In determining the weight to be accorded an assertion of a right of privacy, courts should . . . consider the degree to which the subject matter is traditionally considered private rather than public." *Amodeo*, 71 F.3d at 1051. Courts in this Circuit thus "routinely seal medical records." *Martinez v. City of New York*, 2022 WL 17090292, at *2 (E.D.N.Y. June 8, 2022) (internal quotation marks omitted); *see also United States v. Ortega*, 2023 WL 2752160, at *3 (S.D.N.Y. Mar. 31, 2023); *United States v. Davidson*, 2022 WL 484829, at *4 (S.D.N.Y. Feb. 17, 2022).

The Court finds that Defendant's privacy interest in his medical records outweighs the presumption of access. Accordingly, Defendant may file his medical reports under seal, and he may propose narrowly tailored redactions of any sensitive medical information contained in his motion for compassionate release. He may not, however, file his motion for compassionate release under seal in its entirety.

For the foregoing reasons, the Court grants in part and denies in part Defendant's application.

SO ORDERED.

Dated:    May 22, 2024
         New York, New York

_____
Ronnie Abrams
United States District Judge

3