UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | No. 22-cr-430 (RA) |
| JOSE ROSARIO TAVAREZ, | OPINION & ORDER |
| Defendant. | |

RONNIE ABRAMS, United States District Judge:

Defendant Jose Rosario Tavarez moves for a sentence reduction under 18 U.S.C. § 3582(c). For the reasons that follow, the motion is granted.

## BACKGROUND

In spring 2022, Tavarez was arrested after law enforcement seized fentanyl, fentanyl analogue and heroin from both his apartment and a confidential source who received narcotics from him. *See* Presentence Investigation Report ("PSR"), Dkt. 19 ¶¶ 7–20. Tavarez admitted that the narcotics were his and eventually pled guilty, pursuant to a plea agreement, to one count of conspiracy to distribute and possess with intent to distribute 40 grams or more of fentanyl, 10 grams or more of fentanyl analogue and 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846.

The Court sentenced Tavarez in February 2023. At the time, Tavarez was seventy years old and suffering from hypertension, diabetes and herniated disks, and had recently been diagnosed with "possible senior dementia." Sentencing Transcript ("Tr."), Dkt. 31, at 7, 13. The Court calculated his Guidelines range as 188 to 235 months' imprisonment, with a mandatory minimum of 60 months. *See id.* at 4. Although the Court stressed the severity of his offense—which involved dealing "the deadliest of drugs," *id.* at 12—it sentenced him to the mandatory minimum

term of 60 months in light of the weighty mitigating circumstances posed by his age and poor health, *id.* at 13.

After serving nearly half of his sentence, Tavarez filed the instant motion for compassionate release. *See* Defendant Motion ("Def. Mot."), Dkt. 36. The Government filed an opposition shortly thereafter. *See* Government Opposition ("Gov't Opp."), Dkt. 40. According to the Bureau of Prisons website, Tavarez is scheduled to complete his term of incarceration on July 4, 2026. Upon his release, he will be transferred into ICE custody and deported to the Dominican Republic.

## LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(c), a court may reduce a defendant's sentence where (1) "extraordinary and compelling reasons warrant such a reduction," (2) the reduction "is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the reduction is supported by the factors set forth in 18 U.S.C. § 3553(a), to the extent such factors apply. 18 U.S.C. § 3582(c)(1)(A). Following the November 2023 amendments to the Sentencing Guidelines, U.S.S.G. § 1B1.13 sets the standard for what constitutes "extraordinary and compelling reasons." *See United States v. Corbett*, No. 10-cv-184 (PAE), 2023 WL 8073638, at *3 (S.D.N.Y. Nov. 21, 2023). As relevant here, section 1B1.13 provides that extraordinary and compelling reasons exist when a defendant is suffering from a terminal illness such as "advanced dementia," has physical, cognitive or age-related impairments that "substantially diminish[]" his ability to provide self-care while incarcerated, or presents "any other [similar] circumstance." U.S.S.G § 1B1.13(b)(1)(A)–(B), (b)(5). District courts have "broad" discretion to determine when circumstances rise to that level. *See United States v. Brooker*, 976 F.3d 228, 238 (2d Cir. 2020).

2

**DISCUSSION**

Tavarez argues that his sentence should be reduced to time served because his age and poor health are extraordinary and compelling circumstances, and because the section 3553(a) factors counsel in favor of a reduction. *See* Def. Mot. at 5. According to Tavarez, his dementia has progressed and he is experiencing severe pain. *See id.* He continues to suffer from diabetes, hypertension and an enlarged prostate, and will never make a full recovery from his ailments. He also argues that the section 3553(a) factors weigh in favor of a reduction, given his health issues and the fact that he will be deported to the Dominican Republic once released, where his sister will be able to care for him. *See id.*

The Government opposes his motion, arguing that Tavarez's circumstances are not extraordinary and compelling and that the section 3553(a) factors do not support a sentence reduction. Although the Government concedes that Tavarez's dementia has progressed, it disputes that his circumstances are extraordinary and compelling, which would generally require "advanced" dementia or other symptoms serious enough to "substantially diminish" Tavarez's ability to "self-care." *Id.* at 6 (citing § 1B1.13(b)(1)(A)(i) and (b)(1)(A)(ii)). The Government also disputes that the section 3553(a) factors weigh in favor of a reduced sentence, since Tavarez received a sentence that already factored in his deteriorating health as a mitigating circumstance.

**I.    Extraordinary and Compelling Reasons**

As a threshold matter, the Court agrees with Tavarez that he has demonstrated "extraordinary and compelling reasons" under section 3582(c)(1)(A)(i). As relevant here, a defendant may demonstrate extraordinary and compelling reasons by showing that he is suffering from mental, physical or age-related impairments that permanently and "substantially diminish[]" his ability to care for himself. U.S.S.G § 1B1.13(b)(1)(A)–(B), (b)(5).

3

Tavarez's dementia and other medical conditions meet that criteria. As the Government details in its submission, Tavarez's dementia has "progressed" since this Court sentenced him in February 2023. Gov't Opp. at 3. Two physicians at Tavarez's facility formally diagnosed him with age-related dementia in May and June 2024, noting that it was permanent and "progressive." *See id.* Ex. A at 1 (sealed medical records). He is already exhibiting memory issues, such as forgetting family names and dates, as well as to brush his teeth. *See id.* at 2. He is 72 years old and is receiving "Care Level 3" (with four being the highest) at his facility. *See id.* Ex. C. He also suffers from a host of other physical ailments, including diabetes, hypertension, an enlarged prostate and severe pain in his neck and back. *See* Tavarez Mot. at 5. And while he can perform some tasks like using the toilet and feeding himself, he needs help with many other basic activities, including managing his commissary purchase, planning for meals, managing finances, using the computer, doing his laundry and managing his medication. *See* Gov't Opp. Ex. A at 2 (assessing his "daily living" score as 4 out of 9, with 0 reflecting the least ability to independently complete daily living tasks).

In short, Tavarez's dementia and other impairments have "substantially diminish[ed]" his ability to care for himself, to the point that he is unable to perform many of the most rudimentary self-care tasks. U.S.S.G. § 1B1.13(b)(1)(B).[1] Nor is he expected to ever recover, *id.*, given that his condition is not only permanent but also "progressive," Gov't Opp. Ex. A at 1. The Court thus finds, in its discretion, that Tavarez has demonstrated extraordinary and compelling reasons for his potential release. Because section 1B1.13 is the policy statement that governs compassionate

---

[1] Even if Tavarez did not meet the conditions of subsection (b)(1)(B), the Court would still find that he meets the "other reasons" criteria of subsection (b)(5), since he presents "circumstances" or a "combination" thereof that are "similar in gravity to those described" in subsection (b)(1)(B). U.S.S.G. § 1B1.13(b)(5).

4

release, the Court also finds that a reduced sentence is "consistent with applicable policy statements," as required for a reduction under section 3582(c)(1)(A). 18 U.S.C. § 3582(c)(1)(A).

## II.     Section 3553(a) Factors

The Court also finds that a reduced sentence is consistent with the section 3553(a) factors. *See* 18 U.S.C. § 3553(a). When deciding such a motion, courts must assess "whether the relevant [section 3553(a)] factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release and whether compassionate release would undermine the goals of the original sentence." *United States v. Daugerdas*, No. 09-cr-581 (WHP), 2020 WL 2097653, at *4 (S.D.N.Y. May 1, 2020). Among the pertinent factors to balance are the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to afford adequate deterrence to criminal conduct," "to reflect the seriousness of the offense," "to provide just punishment for the offense," "to protect the public from further crimes of the defendant," "to provide the defendant with needed educational or vocational training, [or] medical care," as well as "to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a).

At the outset, the Court acknowledges that Tavarez's crime was a serious one and that his criminal history is substantial. His offense of conviction involved over two kilograms of fentanyl, which the Court itself pronounced as "the deadliest of drugs" at sentencing. Tr. at 12. Tavarez also has a lengthy list of prior convictions, five of which involved narcotics. *See* PSR ¶¶ 37–43. Between his offense and criminal history, Tavarez was subject to an exceedingly high Guidelines range at his original sentencing, to the tune of 188 to 235 months' imprisonment with a mandatory minimum term of 60 months.

Even so, those considerations are, in the Court's view, outweighed by the substantial mitigating factors at play. Although the Court already considered some of these mitigating circumstances at sentencing, Tavarez's condition has since worsened, and definitively so. As detailed above, he is now 72 years old and severely impaired by progressive, permanent cognitive decline—so much so that he can barely maintain self-care, much less engage in serious crime. And while he has a lengthy criminal record, it bears noting that none of his prior convictions were for crimes of violence. *See* PSR ¶¶ 37–43.

Finally, although the Court recognizes that reduced sentences can undermine the deterrent goal of criminal law, that concern is not enough to defeat Tavarez's motion. Given his projected release date of July 2026, Tavarez has served over sixty percent of his sentence, which other courts in this district have found adequate to vindicate deterrence. *See, e.g.*, *United States v. Davies*, 469 F. Supp. 3d 175, 179 (S.D.N.Y. 2020); *United States v. Scparta*, 567 F. Supp. 3d 416, 418 (S.D.N.Y. 2020). Nor is it likely that reducing his sentence will embolden others to commit crimes, since few if any will suffer from the sort of debilitating health problems that justify a reduction here.

In sum, the Court concludes that the extraordinary and compelling circumstances presented here—most prominently Tavarez's severe mental decline—outweigh any countervailing considerations under section 3553(a).

## CONCLUSION

For these reasons, the Court grants Tavarez's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). His previously imposed sentence is reduced to time served and he shall be transferred into ICE custody for deportation to the Dominican Republic.

SO ORDERED.

Dated:  December 6, 2024
        New York, New York

                                            Ronnie Abrams
                                            United States District Judge